359 So.2d 652 (1978)
Elton Ray WHITE, Individually, etc., et al.
v.
Ernest M. LeGENDRE, Individually, etc., et al.
No. 11985.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
Rehearing Denied June 12, 1978.
Writ Refused July 3, 1978.
James R. Coxe, III, Baton Rouge, of counsel for plaintiff-appellant Elton Ray White.
Anthony J. Clesi, Jr., Baton Rouge, of counsel for defendant-appellee Bobbye E. Holland.
Clifton O. Bingham, Jr., Arthur H. Andrews, Baton Rouge, of counsel for defendant-appellee Ernest LeGendre.
Lee C. Kantrow, Lewis O. Unglesby, Baton Rouge, of counsel for defendant-appellee Steve Holland.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
Plaintiff, Elton Ray White, individually, and as the administrator of the estate of his minor son, Michael White, appeals judgments granting motions for summary judgment in favor of the defendants, Bobbye E. Holland and her insurer, State Farm Fire and Casualty Company.
The defendants have not answered nor have they appealed.
Plaintiff filed a tort action for damages and injuries to his minor child resulting from an alleged assault and battery committed upon his minor child by three minor defendants, one of whom is Steve Holland, son of the defendant, Bobbye E. Holland.
In the original petition plaintiff sued Bobbye E. Holland, individually, and as the natural tutrix of the minor, Steve Holland, alleging that Ms. Holland is the natural tutrix of the child and is either judicially *653 separated or divorced from her husband and that she has the care, custody and control of her minor child, Steve Holland.
In response thereto, Ms. Holland filed the dilatory exception of lack of procedural capacity on the grounds that she had never been qualified as natural tutrix of the minor, Steve Holland. An affidavit filed of record recites the following: That she is the mother of Steve Holland; that she and the father of Steve Holland were not married at the time of his birth, November 22, 1960, nor have they married since that date; that she has never been appointed tutrix of the minor, Steve Holland.
By judgment rendered on July 1, 1977 and signed on July 5, 1977, the dilatory exception was sustained and plaintiff was allowed 15 days to amend his petition to name the minor, Steve Holland, as a defendant through a curator ad hoc to be appointed to represent him. The amendment was later filed and is not at issue herein.
On July 5, 1977, plaintiff filed a supplemental and amending petition alleging that Bobbye E. Holland was the natural tutrix of her minor child and is answerable for any damages caused by her minor son under La.R.C.C. Arts. 256 and 2318.
With respect to the suit against Ms. Holland individually for vicarious liability for damage occasioned by her minor son, an exception of no right and/or cause of action and a motion for summary judgment was filed on grounds that since her son is illegitimate, she has no parental authority over him and, consequently, no responsibility for his actions under Louisiana law. Judgment was rendered granting the motion for summary judgment and dismissing suit as to Ms. Holland, in her individual capacity, and a curator ad hoc was appointed to represent the minor, Steve Holland, on July 22, 1977.
Under the provision of the insurance policy which excludes coverage for bodily injury or property damage which is "intended" from the standpoint of the insured, the defendant, State Farm Fire and Casualty Company, also filed a motion for a summary judgment which was also granted by judgment dated September 27, 1977. It is from these judgments that plaintiff appeals.
Plaintiff maintains that the mother of an illegitimate minor child is constituted the tutrix of her child by operation of law pursuant to La.R.C.C. Article 256, and therefore the mother need not qualify as the natural tutrix of her illegitimate minor child to incur responsibility for the minor's tortious acts. We agree.
Although it is true that under La.R.C.C. Article 238, illegitimate children, generally speaking, belong to no family and have no relations, and that accordingly they are submitted to no parental authority, they may still be subject to tutorial authority for purposes of La.R.C.C. Article 2318.
La.R.C.C. Article 2318 provides:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
"The same responsibility attaches to the tutors of minors."
Thus, under the above-mentioned article the same responsibility that is imposed upon parents for the exercise of parental authority is also extended to tutors for the exercise of tutorial authority.
La.R.C.C. Article 256 provides, in part:
"The mother is of right the tutrix of her illegitimate child not acknowledged by the father, or acknowledged by him alone without her concurrence."
La.R.C.C. Article 253 further provides, in part:
"The mother is not compelled to accept the tutorship of her minor children, but in case she refuses, she shall be bound to fulfill the duties of a tutor, until she has caused a tutor to be appointed."
It was held in Tripoli v. Gurry, 187 So.2d 540 (La.App. 4th Cir. 1966), that a mother who had been granted the custody of her legitimate child in a separation proceeding, *654 was the natural tutrix of the child and could be sued and held responsible for the damages caused by the child although the mother had never formally qualified as the tutrix of the child.
We are of the opinion that this principle also applies to the mother of an illegitimate minor child who has not formally qualified as the tutrix of said child. The mother in this case is made tutrix by operation of the law, R.C.C. Art. 256, just as the surviving parent and the parent under whose care a minor has been entrusted is made tutor or tutrix of their legitimate child by R.C.C. Art. 250. Under both situations, neither can escape responsibility for the actions of their child simply by failing or refusing to qualify as tutrix of their child. The procedural incapacity of Ms. Holland to represent her illegitimate minor son because she has not taken the necessary steps to qualify as his tutrix, does not relieve her, individually, of the vicarious liability for the tortious acts of her minor son imposed upon her by virtue of her tutorial authority. The mother in this case is being sued personally for the liability imposed upon her by operation of the law and not as a representative of her minor son. Her procedural capacity to represent her minor child is not the issue in this case. The issue is whether the mother of an illegitimate minor child, who is residing with her, has any individual legal liability for the torts of the minor child independent of whether any procedural steps are taken to qualify as tutrix. Under the Articles of the Civil Code quoted above, we hold that the mother of an illegitimate minor child is liable for the torts committed by that child even though she has not been formally qualified as tutrix of that child.
Although the summary judgment as to the defendant, State Farm Fire and Casualty Company, may be correct under the exclusionary clause of the policy with respect to its liability for the intentional acts of the alleged insured, Steve Holland, this does not affect its liability as to its insured, Ms. Holland.
For purposes of insurance coverage under her homeowner's personal liability policy she would be the insured and the provision in the policy for the exclusion of coverage for injury or damage which is intended from the standpoint of the insured would not apply to her. See: McBride v. Lyles, 303 So.2d 795 (La.App. 3rd Cir. 1974). It was therefore error to dismiss plaintiff's petition against State Farm.
For the above reasons the judgments of the trial court granting summary judgments in favor of Bobbye E. Holland and State Farm Fire and Casualty Company and dismissing plaintiff's suit against them are reversed and the case is remanded to the trial court for further proceedings.
Costs of this appeal are to be paid by Bobbye E. Holland and State Farm Fire and Casualty Company and all other costs are to await the final disposition of the case.
REVERSED AND REMANDED.