431 So.2d 913 (1983)
The TRAVELERS INSURANCE COMPANY and Linda Blanchard, Plaintiffs-Appellants,
v.
John Zack BLANCHARD, Defendant-Appellant, and
Allstate Insurance Company, Defendant-Appellee.
No. 15385-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
Mayer, Smith & Roberts by Ben Marshall, Jr., Shreveport, for The Travelers Ins. Co. and Linda Blanchard, plaintiffs-appellants.
Smith & Bowers by Gary A. Bowers, Shreveport, for defendant-appellant John Zack Blanchard.
Nelson, Achee & Fant, Ltd., P.C. by Roland J. Achee, Shreveport, for defendant-appellee Allstate Ins. Co.
Before FRED W. JONES, SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Linda Blanchard sued John Zack Blanchard and his insurer under a homeowner's policy, Allstate Insurance Company ("Allstate"), for $15,955. It was alleged that this represented plaintiff's loss occasioned by theft of jewelry from her by John Blanchard, minor son of John Zack Blanchard. Also joining as a plaintiff was The Travelers Insurance Company which sought recovery of $4,000 paid to Linda Blanchard *914 under a homeowner's insurance policy covering a portion of the value of the stolen jewelry.
Allstate filed a motion for summary judgment, asserting that (1) the minor, John Blanchard, was an insured under its homeowner's policy; (2) the policy expressly excluded coverage of intentional acts committed by an insured; (3) consequently, it was not liable for the damages sought herein. Attached to the motion was a certified copy of the homeowner's insurance policy.
The trial judge sustained the motion and signed a summary judgment, dismissing plaintiffs' suit as to Allstate. The Travelers Insurance Company, Linda Blanchard and John Zack Blanchard appealed that judgment.
For the reasons hereinafter set forth, we agree with the trial judge that there was no genuine issue as to a material fact and that Allstate was entitled to judgment as a matter of law, and affirm.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
Plaintiffs alleged in their petition that the minor, John Blanchard, committed the intentional acts of theft while residing with his father, John Zack Blanchard. Allstate did not dispute this. Consequently, there is no genuine issue as to a material fact. The question is whether, based upon these undisputed facts, Allstate was entitled to judgment as a matter of law, i.e., was coverage for these acts excluded under the homeowner's insurance policy?
The policy in question defines an Insured Person as "you [John Zack Blanchard] and, if a resident of your household, any relative and any dependent person in your care." There is no question, considering the allegations of fact accepted as true for the purposes of the motion for summary judgment, but that the minor, John Blanchard, was an insured under this policy when he committed these intentional acts of theft.
The Allstate insurance policy contains the following exclusion under Part 1 of Coverage X (Family Liability Protection):
"1. We do not cover bodily injury or property damage intentionally caused by an insured person."
Appellants argue that this provision does not clearly and unambiguously exclude coverage for the father's vicarious liability for the thefts of his minor son. They cite in support of this position the case of McBride v. Lyles, 303 So.2d 795 (La.App. 3rd Cir. 1974).
The plaintiff in McBride sued for personal injuries sustained in a fight with several minors. The defendant insurer denied coverage under homeowners policies issued to two of the defendant-fathers, contending that the policies excluded coverage for intentional injuries inflicted by persons defined as insureds thereunder. The policy provision relied upon by the insurer excluded coverage of "bodily injury or property damage which is either expected or intended from the standpoint of the insured."
The court noted that the language of this exclusion "dealt with the narrow area of damages or injuries `expected or intended from the standpoint of the Insured' only, not any expected or intended damages or injuries." (emphasis added). It then concluded:
"The fathers are the insureds for purposes of this analysis. The injuries suffered by the plaintiff were not intended or expected from the standpoint of the insureds. Therefore, the exclusion does not apply ..."
Also see White v. LeGendre, 359 So.2d 652 (La.App. 1st Cir.1978), where the same result was reached after consideration of a similarly worded exclusion.
We find that the language of this exclusion clause is significantly different from *915 the provision in McBride and White. Here, the exclusion is not restricted to intentional acts of the particular insured sought to be held liable, but broadly excludes coverage for all intentionally caused injury or damage by an insured person. Therefore, it clearly and unambiguously excluded coverage of the intentional thefts committed by John Blanchard, an insured.
A policy of insurance is a contract between the parties and, so far as they are concerned, it is the law of the case. The rules for its interpretation are the same as for the interpretation of agreements generally. Where the language is clear and expresses the intention of the parties, it is enforced as written. While all uncertainties and ambiguities must be construed in favor of the insured and against the insurer, courts are unauthorized to alter the terms of the policies under the guise of interpretation when they are couched in unambiguous language. Sumrall v. Aetna Casualty & Surety Co., 124 So.2d 168 (La. App. 2d Cir.1960). Also see Cormack v. Prudential Insurance Co., 259 So.2d 340 (La. App. 4th Cir.1972).
The trial judge correctly sustained the motion for summary judgment in this case. There was no genuine issue as to a material fact and the mover was entitled to judgment as a matter of law. For these reasons, we affirm the judgment of the district court, at appellants' cost.