771 So.2d 283 (2000)
Michael K. NEUMAN
v.
Johnny Watts MAUFFRAY, Veronica Mauffray Welsh, Allstate Insurance Company and John Phillip Mauffray, Jr.
No. 99 CA 2297.
Court of Appeal of Louisiana, First Circuit.
November 8, 2000.
*284 Kyle M. Keegan, Amy R. Ortis, Baton Rouge, Counsel for PlaintiffMichael K. Neuman.
Timothy E. Pujol, Matthew W. Pryor, Gonzales, Counsel for DefendantJohn Phillip Mauffray, Jr.
Donald R. Smith, Baton Rouge, Counsel for Defendants-AppellantsJohnny Watts Mauffray and Veronica Mauffray Welsh.
Daniel R. Atkinson, Jr., Baton Rouge, Counsel for Intervenor/Defendant-AppelleeAllstate Insurance Company.
W. Ransom Pipes, Baton Rouge, Counsel for Plaintiff-State Farm Fire & Casualty Company.
BEFORE: WHIPPLE, FITZSIMMONS, and DUPLANTIER[1], JJ.
FITZSIMMONS, J.
Appellants, Veronica Mauffray Welsh and John Watts Mauffray,[2] seek a reversal of the trial court's grant of summary judgment in favor of intervenor/defendant, Allstate Insurance Company (Allstate). We affirm in part and reverse in part.
The petition filed by Michael K. Neumann, in the capacity of son and legal heir of Ellen Theresa Long Neuman, alleged that his mother's home was destroyed by a fire caused by John Watts Mauffray.[3] At the time of the fire, John Mauffray was the minor son of defendants, Veronica Mauffray Welsh and John Phillip Mauffray, Jr.[4] The petition, as supplemented and amended, specifically alleged in pertinent part that: John Watts Mauffray "caused the fire and resulting damages ... through tortuous conduct[;]" that he and other juveniles "engaged in the wanton and reckless handling of hazardous substances which threatened and endangered the public safety[;]" that his parents were negligent in their supervision of their son; and that Allstate was liable as the insurer of Veronica Mauffray Welsh, "for any and all negligent acts [involving supervision] and any acts of negligence of her minor son, Johnny Watts Mauffray."
In the memoranda in opposition to the motion for summary judgment filed by the petitioner, Michael Neumann, it is contended that John Mauffray's intent had not been established in the record. Mr. Neumann concedes that the conduct of committing an arson at the residence of petitioner would constitute intentional misconduct, and that the claims against Veronica Welsh for vicarious liability for such intentional conduct would be excluded from coverage under the language of Allstate's intentional acts exclusion. His opposition to the motion for summary judgment primarily focuses on the issue of negligent supervision. It is asserted that the existence of intentional misconduct, vel non, is not relevant to the merits of a distinguished claim for negligent supervision by the parent.
It was pronounced in the summary judgment that the insurance policy issued by Allstate excluded coverage for the claims of the petitioners. The court dismissed, with prejudice, any and all claims against Allstate. In oral reasons, the court explained that "if an act is intentional from the standpoint of the child, it does not *285 make any difference whether there is a claim for negligent supervision."

DISCUSSION
In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that governed the trial court's determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Although the summary judgment procedure is now favored, the 1996 amendments to La. C.C.P. art. 966 have not changed the initial burden of proof, which remains with the mover. The burden does not shift to the non-moving party until the mover has demonstrated "an absence of factual support for one or more elements essential to the adverse party's claim, action or defense." La. C.C.P. art. 966(C)(2). Only then does the amended law require the non-moving party to "produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." Id.
In the case at hand there is no dispute as to the exclusionary clause contained in the policy issued by Allstate. The supporting documentation that accompanied the motion for summary judgment included excerpts from investigative reports of the fire. These reports indicate that various juveniles were interviewed and that John Mauffray was a suspect in an investigation of arson as the cause of the fire at issue. The trial court correctly ruled that the Allstate policy would exclude coverage for a fire caused by the intentional act of John Mauffray.
The determination of whether negligent supervision allegations against parents of minors whose intentional actions cause damages hinges on the language of the policy at issue. The Allstate insurance policy excluded coverage consisting of, or caused by, "[i]ntentional or criminal acts of or at the direction of any insured person, if the loss that occurs: a) may be reasonably expected to result from such acts; or b) is the intended result of such acts." The language of the exclusionary clause is not restricted to intentional acts of the particular insured sought to be held liable, but it is broad enough to exclude coverage for any loss intentionally caused, or at the direction of, an insured person, i.e., John Mauffray. Notwithstanding the existence and classification of a cause of action based on negligent supervision of the child by Mr. or Mrs. Welsh, any and all losses arising out of an intentional act of John Mauffray would fall within the exclusionary provisions pursuant to the language in the insurance policy. See Travelers Insurance Company v. Blanchard, 431 So.2d 913, 915 (La.App. 2nd Cir.1983); Hewitt v. Allstate Insurance Company, 98-0221 (La. App. 4 Cir. 1/27/99), 726 So.2d 1120, 1124-1125; Nash v. Durapau, 592 So.2d 504, 505 (La.App. 5th Cir.1991), writ denied, 594 So.2d 890-891 (La.1992). Summary judgment was, therefore, an appropriate judicial remedy to the extent that the claim by the petitioner is premised on an intentional act by the minor son, John Mauffray.
There remains, however, an issue of material fact involving the alleged existence of causation based on the allegation of negligence of John Watts Mauffray. Paragraph eighteen of the first supplemental and amending petition for damages asserts that "Allstate is liable as the insurer of Veronica Mauffray Welsh, for ... any acts of negligence of her minor son, Johnny Watts Mauffray." Allstate's documentation, presented in support of the motion for summary judgment, is based on a finding that the fire was caused by the intentional *286 acts of Johnny Watts Mauffray. A motion for summary judgment requiring a judicial determination of subjective facts, such as motive, intent or knowledge, is rarely appropriate. Sanders, 96-1751, 696 So.2d at 1035. In the matter before this court, the evidence presented falls short of eliminating a cause of action based on the minor's negligence, which has not been asserted by Allstate as an excluded act in the Allstate policy.
Accordingly, the court's judgment dismissing Allstate, with prejudice, from the lawsuit is reversed, in part, with respect to the claim of negligence on the part of John Watts Mauffray. Summary judgment is affirmed, in part, in favor of Allstate, dismissing it from any and all claims based on intentional acts committed by John Watts Mauffray, including a claim of negligent supervision by Veronica Mauffray Welsh that resulted in the minor's intentional act.[5] All costs associated with this appeal are assessed to Allstate Insurance Company.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] Honorable Thomas R. Duplantier is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Defendant, "John Watts Mauffray" is also referred to as "Johnny Watts Mauffray."
[3] The suit was later consolidated with another lawsuit filed by State Farm Fire & Casualty Company.
[4] John Phillip Mauffray Jr. was later voluntarily dismissed from the lawsuit.
[5] This decision does not address Allstate's duty to defend, which is not before the court at this time.