843 So.2d 1279 (2003)
Kevin FLUGENCE
v.
A & M FARMS, INC., et al.
No. 02-1054.
Court of Appeal of Louisiana, Third Circuit.
April 30, 2003.
Michael Langdon Cave, Cave Law Firm, Baton Rouge, LA, for Plaintiff/Appellee, Kevin Flugence.
Edward Paul Landry, Landry, Watkins, Repaske & Breaux, New Iberia, LA, For Defendants/Appellants, A & M Farms, Inc., Seth Viator.
Kenny Layne Olivier, Rowe, Bares & Oliver, L.L.C. Lafayette, LA, for Defendants/Appellants, *1280 A & M Farms, Inc., Seth Viator, Malcolm Viator.
Michael Wayne Adley, Judice and Adley, Lafayette, LA, for Defendant/Appellant, Iberia Sugar Cooperative, Inc.
Charles Collins Garrison, Caffery, Oubre, Campbell, & Garrison, L.L.P., New Iberia, LA, for Intervenor/Appellee, Louisiana Farm Bureau Casualty Ins. Co.
Court composed of JOHN D. SAUNDERS, BILLIE C. WOODARD, OSWALD A. DECUIR, MICHAEL G. SULLIVAN and GLENN B. GREMILLION, Judges.
DECUIR, Judge.
In this case, the defendants, A & M Farms, Inc. and its employee, Seth Viator, appeal the trial court's grant of summary judgment in favor of A & M's insurer, Louisiana Farm Bureau Casualty Insurance Company. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
In October 2000, Kevin Flugence filed suit for personal injuries and damages. He alleged that in October 1999, as he waited to have his load of sugar cane weighed at the scales of the Iberia Sugar Cooperative, Viator "became frustrated and ran his tractor into the rear of [Flugence's] vehicle," knocking Flugence from the vehicle. Flugence further urged that Viator was within the course and scope of his employment at the time of this accident.
In December 2000, Farm Bureau filed a petition for intervention and declaratory judgment urging that the trial court declare that its policy did not provide coverage for the damages complained of in Flugence's petition, and that it should be dismissed from the suit.
Following a February 2002 hearing on the motion for summary judgment, the trial court rendered judgment in favor of Farm Bureau, finding that the policy Farm Bureau issued to A & M Farms did not provide coverage for the acts and injuries complained of in the main demand. A & M Farms timely appealed to this court, urging that the trial court erred in finding that it did not have insurance coverage for the accident.

SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(C). However, since the amendment to La.Code Civ.P. art. 966 in 1996, this court has recognized that summary judgment is designed to secure the just, speedy, and inexpensive determination of every action, and that the procedure is now favored. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-281 (La.3/14/97), 690 So.2d 41. This was a significant shift in the law of summary judgment which legislatively overruled the jurisprudential presumption against granting summary judgment. Id.
The court explained in Hayes:
[T]he initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, under Art. 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present *1281 evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
Id. at 694.

INTENT
The issue of whether Viator's actions were intentional is material to Flugence's cause of action, as this finding determines whether the Farm Bureau policy provides coverage for this incident.
In Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981) (citations omitted), the supreme court defined intent as follows:
The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result.
In this case, the trial court found that there was no genuine issue of material fact in dispute. We agree. Farm Bureau proved that Viator intended to hit Flugence's vehicle and his resulting injuries were substantially certain to follow. Therefore, Viator had the requisite intent to ram the vehicle and is deemed by law to have intended the resulting injuries. These issues were appropriately determined on summary judgment.
The evidence is irrefutable that Viator intentionally and deliberately struck the unit operated by Flugence. Viator stated that Flugence had cut in line at the mill several times and that he finally had enough. He also stated that he had reported Flugence's actions to the people in the mill office in the past and they made Flugence get off of the scales and wait his turn in line. In this instance, Viator testified he was angry and attempted to push Flugence's vehicle off the scales with his tractor. While denying specific knowledge that Flugence was in the vehicle at the time, Viator testified that he assumed Flugence was in the vehicle. Later in his testimony, when questioned by Farm Bureau's counsel, Viator said:
Q. ... But your intention was to push the tractor and carts off of the scale, correct?
A. Yes, sir.
It is clear from this testimony that Viator intended to impact Flugence's vehicle with his own. There is no evidence in the record to suggest that he did not intend to strike Flugence's vehicle or had reason to believe it was unoccupied. To the contrary, Viator's testimony clearly and unambiguously states that he intended to strike the vehicle that he assumed was occupied by Flugence.
At the most basic level this case is nothing more than a slow motion "road rage" incident. Viator became incensed when Flugence cut in front of him and retaliated by ramming Flugence's vehicle. A person who rear-ends another vehicle with a huge piece of farm machinery should know that damages are substantially certain to follow. In this case, Viator testified that he assumed Flugence was in the vehicle.
*1282 In addressing Viator's use of the word "accidental," at times when referring to the incident, the trial court stated at the end of the hearing on the motion:
You can't accidentally bump something to cause him to get off of the scale. He was just misusing the word accidental. I mean, you can't accidentally bump something to intentionally cause it do something. He intentionally bumped the cane cart.
We agree with the trial court's finding that Viator's misuse of the word accidental did not change the intentional nature of his act.
We find that summary judgment was appropriately granted. This assignment is without merit.

COVERAGE
A & M argues that its Farm Bureau policy provided insurance coverage for this accident, even if it was intentional, citing McBride v. Lyles, 303 So.2d 795 (La.App. 3 Cir.1974). We disagree. The portion of the Farm Bureau policy addressing exclusions under the policy states:
This policy does not apply:
. . . .
(c) under Coverages A, B, and C, to injury, sickness, disease, death or destruction which is either expected, or intended from the standpoint of the insured.
Part III of the policy defines an insured as:
The unqualified word "insured" includes
(a) the named insured stated in the declarations.
. . . .
(e) any other person while operating farm tractors, self-propelled farm machinery, or animal drawn farm vehicles or implements, in any of the named insured's operations covered by the policy and with the permission of an insured as defined in (a) and (b).
Under the clear wording of the policy, Viator is an insured as he was operating the named insured's farm tractor. Thus, his intentional act precludes application of coverage under the policy pursuant to Part (c) above.

CONCLUSION
Summary judgment in favor of the intervenor-appellee, Louisiana Farm Bureau Casualty Insurance Company, was properly granted. All costs of this appeal are assessed against the defendants-appellants, A & M Farms, Inc. and Seth Viator.
AFFIRMED.
GREMILLION, J., dissents and assigns reasons.
SAUNDERS, J., dissents for the reasons assigned by Judge GREMILLION.
GREMILLION, J., dissenting:
I have carefully reviewed the testimony in this case and it is clear that Viator intended to impact Flugence's tractor with his own. Viator claimed that he intended to "bump" the tractor and carts and to push them hard enough to cause them to come off of the scales. There is no other evidence in the record to suggest that he did not intend these physical results and his testimony is clear and unambiguous that those were his desired results. However, Viator testified that he did not know whether Flugence was on the tractor or not. In Walker v. American Honda Motor Co., 93-1659, p. 4 (La.App. 3 Cir.6/1/94), 640 So.2d 794, 796, writ denied, 94-1741 (La.10/7/94), 644 So.2d 644 (citations omitted) (emphasis added), we adopted the trial court's findings including:

*1283 The word `intent' for the purposes or tort law and exclusionary clauses in insurance policies connotes that the actor desires to cause the consequences of his act or believes that the consequences of his act are substantially certain to result. Thus, intent has reference to the consequences of an act rather than the act itself. Only where the actor entertains a desire to bring about the consequences that followed or when the actor believed that the result was substantially certain to follow has an act been characterized as intentional.
Accordingly, I would find that a genuine issue of material fact exists as to whether Viator intended to physically injure Flugence. While it is clear he intended to bump Flugence's tractor, it is unclear whether he intended the actual consequences that flowed from his act. As I have noted, Viator testified that he did not know if Flugence was in the tractor at the time he struck it. Credibility calls as to the truthfulness of this statement are better left to the jury and are inappropriate for summary judgment determination. In my opinion, there exists a material question of fact as to whether Viator intended the consequences of his act, that of injuring Flugence. Therefore, I would find that the trial court improperly granted the motion for summary judgment and remand the case for further proceedings.
For these reasons, I respectfully dissent from the majority opinion.