# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0826


**JOSEPH K. MORROW**

**VERSUS**

**MICHAEL HILDALGO, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2001-320
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**REVERSED.**

**Keith M. Borne**
**Borne & Wilkes, L.L.P.**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Defendant/Appellant:**
    **Safeway Insurance Company of Louisiana**

**Gregory J. Laborde**
**LABORDE & LABORDE**
**P. O. Box 52564**
**Lafayette, LA 70505-2564**
**(337) 232-9928**
**Counsel for Defendant/Appellee:**
    **Michael Hildalgo**

**Michael B. Holmes**

**HEBERT, HOLMES & BERTRAND**
**P. O. Dr. 790**
**Kinder, LA 70648**
**(337) 738-2568**
**Counsel for Plaintiff/Appellee:**
    **Joseph K. Morrow**

**DECUIR, Judge.**

Safeway Insurance Company of Louisiana appeals a trial court judgment finding that its insured, Michael Hildalgo, intentionally caused the automobile accident but did not intend to injure the plaintiff, Joseph Morrow. We reverse.

## FACTS

On June 15, 2000, Hildalgo, Larry John, Donna Bazinet, and Anna Fontenot were at a bar in Elton, Louisiana. At 2:00 a.m., they left the bar in Hildalgo's vehicle and met Morrow in a parking lot in Kinder. Fontenot and Bazinet exited Hildalgo's vehicle, taking a six or twelve pack of beer and got into Morrow's vehicle. Hildalgo became angry, and Morrow left with the ladies and the beer. As Morrow proceeded down Highway 165, Hildalgo pursued and rammed Morrow's vehicle. He continued to follow Morrow onto Green Oaks Road and proceeded to ram Morrow's vehicle several more times while traveling at speeds in excess of 80 miles per hour. At some point during this ramming, Morrow sustained soft tissue injuries for which he sought medical care and for which he was awarded damages.

Hildalgo was insured by Safeway under a policy that excludes coverage for "bodily injury or property damage caused intentionally by or at the direction of the insured." The trial court found that coverage existed under the policy because Hildalgo intended to cause the accident but did not intend to cause Morrow's injuries. Safeway lodged this appeal.

## DISCUSSION

Safeway contends that the trial court erred in concluding that coverage existed under the insurance policy because Hildalgo intended to cause the accident but not the injuries. Safeway argues that our decision in *Flugence v. A & M Farms, Inc.*, 02-1054 (La.App. 3 Cir. 4/30/03), 843 So.2d 1279, *writ denied*, 03-1526 (La. 9/26/03), 854 So.2d 364, is on point.

In *Flugence,* the defendant, while driving a tractor pulling a load of sugarcane, became angry at another driver who had cut in line at the scales. The defendant then rammed the offending driver's tractor and trailer causing injury to the driver. This court, in affirming a grant of summary judgment on the issue of coverage under an intentional act exclusion, found that the defendant intended to injure the plaintiff because he either desired the resulting injuries or that they were substantially certain to follow from his actions. *Citing Bazley v. Tortorich*, 397 So.2d 475 (La.1981).

Both parties acknowledge that the manifest error standard applies to our review of the trial court's determination in this case. After careful review, we find that the trial court's finding that Hildalgo did not intend the plaintiff's injuries is manifestly erroneous. The record before us strongly suggests that Hildalgo actively desired Morrow's injuries. The most glaring evidence of this is Hildalgo's inability to deny his intent in clearly self-serving testimony. He testified, that he was "probably hoping" to injure someone in the vehicle. In backtracking from that statement he said he was not hoping to injure Morrow – "I just wanted to kick his ass." Moreover, we are unable to distinguish this case from our decision in *Flugence*. Clearly, soft tissue injuries are substantially certain to follow from ramming a vehicle at 80 plus miles per hour in an attempt to force it off the road.

We are likewise unconvinced by appellee's attempt to distinguish *Flugence* based on Hildalgo's intoxication and the size of the tractors in *Flugence*. The record reveals that despite his alleged intoxication, Hildalgo was aware of the cause of his anger and was capable of formulating a plan of action and carrying it out. He clearly knew he wanted to force Morrow off of the road and attempted to do so by ramming his vehicle. With regard to the size difference between a tractor and an automobile, we note that any mitigation warranted by this distinction is counterbalanced by the extreme speeds involved in this case.

Under these circumstances, we find that the trial court erred in concluding that Hildalgo did not have the requisite intent to trigger the intentional act exclusion in the Safeway policy.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed. All costs of these proceedings are taxed to appellee, Joseph Morrow.

**REVERSED.**