# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 03-1254


**RALPH ALLEN PERKINS, ET AL.**

**VERSUS**

**HARRY SHAHEEN, ET AL.**


\*\*\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2002-5042,
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


## MICHAEL G. SULLIVAN
## JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


Court composed of Jimmie C. Peters, Michael G. Sullivan, and Glenn B. Gremillion, Judges.


**REVERSED.**

R. Scott Iles
Attorney at Law
Post Office Box 3385
Lafayette, Louisiana   70502
(337) 234-8800
Counsel for Plaintiffs/Appellees:
    Shane Perkins

Stephen A. Berniard, Jr.
Raggio, Cappel, Chozen & Berniard
1011 Lakeshore Drive, Suite 500
Lake Charles, Louisiana   70601
(337) 436-9481
Counsel for Defendants/Appellees:
    Harry Shaheen
    Hank Shaheen

**Frank M. Walker, Jr.**
**Plauche, Smith & Nieset**
**Post Office Box 1705**
**Lake Charles, Louisiana  70602**
**(337) 436-0522**
**Counsel for Defendant/Appellant:**
       **Louisiana Farm Bureau Mutual Insurance Company**

SULLIVAN, Judge.

This is a suit to recover damages for personal injuries caused by the intentional acts of a minor. Farm Bureau Mutual Insurance Company (Farm Bureau) appeals the trial court's grant of summary judgment in favor of plaintiff, Ralph Perkins, and denial of summary judgment in its favor. For the following reasons, we reverse the judgment of the trial court and render judgment in favor of Farm Bureau.

### *Facts*

On August 17, 2002, there was an altercation between Hank Shaheen and Shane Perkins. Ultimately, Hank threw Shane through a plate glass window. Hank and Shane were minors at the time. Mr. Perkins, Shane's father, filed suit against Hank's father, Harry Shaheen, and his insurer, Farm Bureau, seeking damages for Shane's injuries.[1] Farm Bureau had issued two policies to Mr. Shaheen: a homeowner's policy and a farm liability policy.

After some discovery was conducted by the parties, Mr. Perkins filed a motion for summary judgment, seeking a judgment recognizing that the policies provided coverage for Hank's actions. Farm Bureau then filed a motion for summary judgment, asserting that Hank's actions were not an "occurrence" under the terms of its policies and that there was no coverage under the policies for his actions because they were intentional and were, therefore, excluded under the policies.

The trial court determined that Farm Bureau's policies "provided coverage for plaintiffs' injuries arising out of the negligent supervision of Hank Shaheen by Harry Shaheen and provided coverage for the vicarious liability of Harry Shaheen imposed as the result of the intentional acts of Hank Shaheen." Accordingly, the trial court granted judgment in Mr. Perkins' favor and denied Farm Bureau's motion.

_____

[1]Shane attained the age of legal majority during the course of this litigation and was substituted as plaintiff in lieu of his father.

## Summary Judgment

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

## Discussion

Farm Bureau contends that its policies' exclusions exclude coverage for Hank's actions. The exclusions are almost identical. The homeowner policy excludes personal liability coverage for bodily injury "resulting from intentional acts or directions by you or any insured. The expected or unexpected results of these acts or directions are not covered." The farm liability policy excludes bodily injury "resulting from intentional acts of any insured or acts carried out at the direction of any insured. The expected and unexpected results of these acts or directions are not covered."

"Insured" is defined in the homeowner policy as "you and residents of your household who are: a) your relatives or b) other persons under the age of 21 and in the care of any person named above." It is defined in the farm liability policy as "you; and if you are: (1) An individual, 'insured' also means the following members of your household: (a) Your relatives; (b) Any other person under the age of 21 who is in the care of any person specified above."

The parties do not dispute that Hank's actions were intentional or that he is an insured under the policy. The clear language of Farm Bureau's policies excludes

2

coverage for bodily injury which results from the intentional acts of any insured. Therefore, Shane's injuries and damages which resulted from Hank's intentional attack on him are excluded under Farm Bureau's policies.

Mr. Perkins urges that this court's decision in *McBride v. Lyles*, 303 So.2d 795, (La.App. 3 Cir. 1974), mandates against a decision in Farm Bureau's favor. The policy in *McBride* excluded bodily injury or property damage which was "'expected or intended from the standpoint of the insured.'" *Id.* at 798. Farm Bureau argued:

> [T]he sons are included as persons insured under the definitions section contained within the personal liability provisions of the two policies. The policies exclude coverage of 'bodily injury or property damage which is either expected or intended from the standpoint of the Insured.' Since the injuries to the plaintiff were intentionally inflicted by the insureds, there can be no coverage.

*Id.* However, this court determined that coverage was not excluded as to the fathers for the intentional acts of their sons, stating:

> In the present case the issue is whether this is insurance coverage for the fathers of two of the five boys who intentionally injured the plaintiff. The fathers are the insureds for purposes of this analysis. The injuries suffered by the plaintiff were not intended or expected from the standpoint of the insureds. Therefore, the exclusion does not apply, and the policies issued by Louisiana Farm Bureau to the defendants . . . cover the injuries which are the subject of this action.

*Id.* at 800.

In *McBride*, the focus was on whether the plaintiff's injuries were "intended or expected from the standpoint of the insureds," i.e., the fathers of the minors involved. *Id.* The language in the Farm Bureau policy at issue here is different from the policy language at issue in *McBride*. Under the language of Farm Bureau's policies in this case, there is no coverage for "bodily injury" which results from "intentional acts . . . by you or any insured," and Mr. Shaheen's standpoint has nothing to do with determining whether there is coverage for Hank's actions.

3

In *Travelers Insurance Co. v. Blanchard*, 431 So.2d 913, 914-15 (La.App. 2 Cir. 1983), the second circuit made the same distinction, explaining:

> We find that the language of this exclusion clause is significantly different from the provision in *McBride* [303 So.2d 795] . . . . Here, the exclusion is not restricted to intentional acts of the particular insured sought to be held liable, but broadly excludes coverage for *all intentionally caused* injury or damage by *an insured person*. Therefore, it clearly and unambiguously excluded coverage of the intentional thefts committed by . . . an insured.

Then, in *Flugence v. A & M Farms, Inc.*, 02-1054 (La.App. 3 Cir. 4/30/03), 843 So.2d 1279, *writ denied*, 03-1526 (La. 9/26/03), 854 So.2d 364, a panel of this court rejected the holding in *McBride*, 303 So.2d 705. In *Flugence*, the Farm Bureau policy issued to A & M Farms also excluded coverage for injury "expected or intended from the standpoint of the insured." *Id.* at 1282. An A & M employee committed an intentional act which caused damage to the plaintiff. Citing *McBride*, 303 So.2d 795, A & M asserted there was coverage even though its employee's actions were intentional. The panel concluded that, because the employee was an insured under the policy, "his intentional act precludes application of coverage under the policy." *Flugence*, 843 So.2d at 1282.

Contrary to Mr. Perkins' argument, *McBride*, 303 So.2d 795, does not change our conclusion.

Mr. Perkins next argues that Mr. Shaheen's negligent supervision of Hank is not addressed by Farm Bureau's exclusions. The same argument was made in *Neuman v. Mauffray*, 99-2297 (La.App. 1 Cir. 11/8/00), 771 So.2d 283, where similar exclusionary language was at issue. The court rejected the plaintiff's contention that the parents' negligent supervision did not fall within the exclusion, explaining:

> The language of the exclusionary clause is not restricted to intentional acts of the particular insured sought to be held liable, but it is broad enough to exclude coverage for any loss intentionally caused, or at the direction of, an insured person, i.e., John Mauffray. Notwithstanding the

4

existence and classification of a cause of action based on negligent supervision of the child by Mr. or Mrs. Welsh, any and all losses arising out of an intentional act of John Mauffray would fall within the exclusionary provisions pursuant to the language in the insurance policy.

*Id.* at 285. *See also Hewitt v. Allstate Insurance Co.*, 98-221, pp. 9-10 (La.App. 4 Cir. 1/27/99), 726 So.2d 1120, 1124-25, where the court clarified the purpose of the exclusion:

The focus of the policy exclusion is on the cause of the damages, not the cause of action alleged. All *damages* caused by intentional acts are excluded, regardless of the classification of the cause of action against the individual defendants. [The plaintiff] cannot avoid the consequences of the policy language by attempting to couch her allegations against the [defendant parents] as negligent, rather than intentional.

This analysis is applicable here. Accordingly, this argument is without merit.

Lastly, Mr. Perkins argues that Directive 152 issued by the Louisiana Commissioner of Insurance mandates coverage for parents' negligent supervision of their children. Directive 152 is a supplement to Directive 149, which concerns "Special Limits of Liability" clauses which had been inserted in homeowner's policies. According to Directive 149, the clauses were "ostensibly placed in the polic[ies] to limit the liability of the insuring company as a consequence of the parents' statutorily imposed vicarious liability resulting from *negligent acts of their minor children*." (Emphasis added.) These directives are not applicable to the provisions at issue herein as these provisions do not address negligent acts.

In conclusion, neither of the policies issued by Farm Bureau to Harry Shaheen provide coverage for the injuries and damages sustained by Shane Perkins on August 17, 2002, and the judgment of the trial court is reversed. Judgment is granted in favor of Farm Bureau Mutual Insurance Company, and Ralph Perkins' claims against it are dismissed. All costs of this appeal are assessed to Ralph Perkins.

**REVERSED.**

5