NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-942


MITCHELL LEMAIRE, ET AL.

VERSUS

JOHN FRANK BLANCHARD, JR., ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2010-4888-1
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**Charles C. Garrison**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**P. O. Drawer 12410**
**New Iberia, LA 70562-2410**
**(337) 364-1816**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Louisiana Farm Bureau Casualty Insurance Co.**

**J. Brent Barry**
**J. Brent Barry, LLC**
**600 Jefferson Street, Ste 900**
**Lafayette, LA 70501**
**(337) 354-2437**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **Mitchell Lemaire**
    **Monique Lemaire**
    **M. L., II**

**PICKETT, Judge.**

The trial court granted summary judgment in favor of Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), finding the intentional act exclusion in the homeowner's policy issued to John Blanchard, Sr. precluded coverage for the alleged damages sustained by Mitchell and Monique Lemaire's minor son. The Lemaires appeal the judgment, which dismissed Farm Bureau from the lawsuit.

## STATEMENT OF THE CASE

In July 2009, the twelve-year-old daughter of John Blanchard, Jr. was caught fondling the seven-year-old son of the Lemaires. In a separate juvenile proceeding, the minor perpetrator admitted to the facts of the charge of indecent behavior with a juvenile. She received a suspended sentence.

The Lemaires, individually and as tutors of their minor child, subsequently sued John Blanchard, Jr., seeking damages for the emotional distress caused to their son. At the time, John Blanchard, Jr. and his children lived in the home of his father, John Blanchard, Sr. The Lemaires amended their petition to add Farm Bureau as a defendant, as it had issued a homeowner's policy to cover John Blanchard, Sr., and, under the terms of the policy, John Blanchard, Jr. and his daughter were insured.

Farm Bureau filed a motion for summary judgment, claiming that an intentional act exclusion in the policy issued to John Blanchard, Sr., precluded coverage for the damages caused to the Lemaires' son. The relevant language in the policy states:

This policy does not apply:

. . . .

   (c) under coverages A, B and C, to injury, sickness, death or destruction which is either expected, or intended from the standpoint of the insured.

Relying on this court's opinion in *Perkins v. Shaheen*, 03-1254 (La.App. 3 Cir. 3/3/04), 867 So.2d 135, the trial court found the exclusion applicable for not only the claims of intentional tort committed by the minor, but also the allegations of negligent supervision against John Blanchard, Jr. The trial court dismissed Farm Bureau from the suit with prejudice.

The Lemaires appeal that judgment.

## ASSIGNMENT OF ERROR

On appeal, the Lemaires assert one assignment of error:

Genuine issues of material fact existed and therefore the trial court's ruling granting the defendant's motion for summary judgment was clearly wrong.

## DISCUSSION

The supreme court explained the proper appellate standard of review in a summary judgment case involving insurance issues in *Robinson v. Heard*, 01-1697, pp. 3-4 (La. 2/26/02), 809 So.2d 943, 945:

   A reviewing court examines summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hospital, Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750. A reviewing court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Smith*, 639 So.2d at 750.

   Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary judgment. *Sanchez v. Callegan*, 99-0137 (La.App. 1 Cir. 2/18/00), 753 So.2d 403, 405. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation

2

consistent with the obvious meaning and intent of the policy must be given. *Sanchez*, 753 So.2d at 405.

The Lemaires argue that the exclusionary provision relied on by Farm Bureau is overly broad, and therefore ambiguous. Specifically, they claim that the terms "expected, or intended from the standpoint of the insured" does not clearly apply to acts of sexual molestation as occurred in this case. We disagree. The twelve-year-old perpetrator admitted in a juvenile proceeding that she committed an act of indecent behavior with a juvenile. Indecent behavior with a juvenile is a specific intent crime. *See* La.R.S. 14:81. There is no reasonable argument that this twelve-year-old girl did not intend to cause injury to the seven-year-old victim when she exposed his genitals and fondled them. Thus, the policy exclusion clearly applies. The Lemaires' argument that this policy lacked a specific sexual molestation exclusion is of no moment.

Further, we are not persuaded that this case is distinguishable from similar cases, such as *Doe v. Mires*, 99-65 (La.App. 3 Cir. 6/2/99), 741 So.2d 842, because the perpetrator of the intentional act in this case is a minor child. We find that the evidence presented at the hearing on the motion for summary judgment supports a finding that the perpetrator knew her actions were wrong and would cause harm to her victim. She was immediately remorseful, according to the deposition testimony of Mrs. Lemaire. Mrs. Lemaire also heard the girl tell her son not to tell anyone, or "I'll hurt you." Immediately thereafter, Mrs. Lemaire walked into the room and saw the illicit conduct.

Finally, the Lemaires argue that the trial court erred by finding their claims of negligent supervision of the minor perpetrator by her father, John Blanchard, Jr., were also precluded under the intentional act exclusion. The trial court, citing this

3

court's opinion in *Perkins*, 867 So.2d 135, rejected that claim. We agree. In *Perkins*, Hank Shaheen, a minor, threw Shane Perkins, also a minor, through a plate glass window. Shane's father sued Hank's father and his homeowner's insurance carrier, Farm Bureau, seeking damages. This court found the intentional act exclusion applied not only to Hank's intentional act, but also to claims of negligent supervision, stating:

> Mr. Perkins next argues that Mr. Shaheen's negligent supervision of Hank is not addressed by Farm Bureau's exclusions. The same argument was made in *Neuman v. Mauffray*, 99-2297 (La.App. 1 Cir. 11/8/00), 771 So.2d 283, where similar exclusionary language was at issue. The court rejected the plaintiff's contention that the parents' negligent supervision did not fall within the exclusion, explaining:
>
> > The language of the exclusionary clause is not restricted to intentional acts of the particular insured sought to be held liable, but it is broad enough to exclude coverage for any loss intentionally caused, or at the direction of, an insured person, i.e., John Mauffray. Notwithstanding the existence and classification of a cause of action based on negligent supervision of the child by Mr. or Mrs. Welsh, any and all losses arising out of an intentional act of John Mauffray would fall within the exclusionary provisions pursuant to the language in the insurance policy.
>
> *Id.* at 285. *See also Hewitt v. Allstate Insurance Co.*, 98-221, pp. 9-10 (La.App. 4 Cir. 1/27/99), 726 So.2d 1120, 1124-25, where the court clarified the purpose of the exclusion:
>
> > The focus of the policy exclusion is on the cause of the damages, not the cause of action alleged. All *damages* caused by intentional acts are excluded, regardless of the classification of the cause of action against the individual defendants. [The plaintiff] cannot avoid the consequences of the policy language by attempting to couch her allegations against the [defendant parents] as negligent, rather than intentional.
>
> This analysis is applicable here. Accordingly, this argument is without merit.

*Perkins*, 867 So.2d at 138-39.

4

We find this case analogous to the situation in *Perkins*. Having found the intentional act exclusion applies to the acts of the minor perpetrator, the Lemaires cannot avoid the exclusion by alleging negligence on the part of the minor's parent for failing to supervise his child.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants, Mitchell and Monique Lemaire.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.