**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**


**08-127**


**PHIL D. MAYERS, JR., ET UX.**

**VERSUS**

**SONNY MARMET**


**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, DOCKET NO. 86430-K
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE**


**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**


**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judges.


**AFFIRMED.**


**Gary E. Theall**
**120 Peace Street**
**Post Office Box 877**
**Abbeville, Louisiana 70511-0877**
**(337) 893-7142**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Sonny Marmet**


**Raymond A. Beyt**
**700 East University Avenue**
**Post Office Box 52157**
**Lafayette, Louisiana 70505-2157**
**(337) 233-6771**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Phil D. Mayers, Jr. and Adrienne S. Mayers**

**GENOVESE, Judge.**

The Defendant, Sonny Marmet, appeals a grant of summary judgment in favor of the Plaintiffs, Phil D. Mayers, Jr. and Adrienne S. Mayers (the Mayers), decreeing the Mayers to be owners of all oil, gas, and other minerals under a certain mineral deed dated July 26, 2005. For the following reasons, we affirm the judgment of the trial court.

## FACTS

On February 21, 2007, the Mayers filed a Petition for Declaratory Judgment. The Mayers' petition prayed for judgment declaring them, not Mr. Marmet, to be the owners of all oil, gas, and other minerals in, under, or which may be produced from a five-acre tract of land located in Section 7, Township 12 South, Range 1 East, in Vermilion Parish, Louisiana. The Mayers asserted that they acquired the minerals from Rodney J. Grantham, Sr. and Shirley Hamilton Grantham by virtue of a mineral deed dated July 26, 2005, recorded under entry number 20508492 in the conveyance records of Vermilion Parish, Louisiana. The Mayers' petition further alleged, in pertinent part:

4.

> Prior to the execution of the aforesaid "Mineral Deed[,]" Rodney J. Grantham, Sr. did purportedly execute [an] "Inter Vivos Donation" dated February 18, 1991, recorded under Entry No. 9101465, Records of Vermilion Parish, Louisiana, in favor of Rodney J. Grantham, Jr., husband of Alisa Hansbrough Grantham, covering the same lands affected by the aforesaid "Mineral Deed" in favor of [the Mayers]. However, said donation is an absolute nullity under Louisiana Civil Code Article 1536,[1] as said act was not passed before a Notary Public and two (2) witnesses.

---

[1]Louisiana Civil Code Article 1536 provides: "An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity."

1

5.

Following the execution of said purported donation and despite its absolute nullity, the said donee thereunder, Rodney J. Grantham, Jr., joined in by his wife, Alisa Hansbrough Grantham, purportedly transferred said lands, by "Cash Deed" dated April 23, 2003, recorded under entry 20305147, Records of Vermilion Parish, Louisiana, to Geraldine R. Hebert, wife of Richard J. Hebert. Thereafter, the said Richard J. Hebert and Geraldine R. Hebert attempted to donate such lands to [D]efendant, Sonny Marmet, by virtue of that "Act of Donation" dated February 15, 2006, recorded under Entry No. 20602609, Records of Vermilion Parish, Louisiana.

6.

As a result of the absolute nullity of the aforesaid "Act of Donation" of February 18, 1991, [the Mayers] acquired all of the oil, gas[,] and minerals in and under the aforesaid lands from the owners thereof, namely, Rodney J. Grantham, Sr. and Shirley Hamilton Grantham, by virtue of the aforesaid "Mineral Deed" of July 26, 2005.

On April 5, 2007, Mr. Marmet answered the Mayers' petition, asserted the affirmative defense of acquisitive prescription, and filed a third-party demand against Rodney J. Grantham, Jr. and Alisa Hansbrough Grantham. Mr. Marmet's answer detailed the acquisition history of the five-acre tract of land and asserted that he had acquired the property and all of its minerals by virtue of ten-year acquisitive prescription.

The Mayers filed a Motion for Summary Judgment on August 13, 2007 pursuant to La.Code Civ.P. art. 966. The Mayers' motion sought a judgment:

declaring that purported "Inter Vivos Donation" dated February 18, 1991, recorded under Entry No. 9101465, Records of Vermilion Parish, Louisiana, in favor of Rodney J. Grantham, Jr., husband of Alisa Hansbrough Grantham, covering the lands made subject hereof, to be null and void; and for a further declaratory judgment in favor of [the Mayers] and against [Mr. Marmet], declaring [the Mayers] to be owners of all of the oil, gas and minerals in and under the lands made subject hereof; and for all just and equitable relief.

The Mayers' motion asserted that "there was only one . . . witness to the 1991

donation." Citing La.Civ.Code art. 3473[2] and La.Civ.Code art. 3475,[3] the Mayers argued that the invalid form of the donation rendered it an absolutely null juridical act; therefore, Mr. Marmet "cannot add to his possession of time [(tack on to)] his authors who do not meet the requisite of good faith and just title to establish a ten . . . year prescriptive title."

Attached to the Mayers' Motion for Summary Judgment were the following exhibits: Exhibit "A" – a Mineral Deed, dated July 26, 2005, wherein the Mayers purportedly acquired all of the oil, gas, and minerals in and under a five-acre tract of land located in Vermilion Parish from Rodney J. Grantham, Sr. and Shirley Hamilton Grantham; Exhibit "B" – a Cash Deed, dated December 3, 1984, wherein Rodney J. Grantham, Sr. and Shirley Hamilton Grantham acquired the five-acre tract from Acadiana Consulting and Investment Company, Inc.; Exhibit "C" – an Inter Vivos Donation, dated February 18, 1991, wherein Rodney J. Grantham, Sr. purportedly donated the five-acre tract to Rodney J. Grantham, Jr.; Exhibit "D" – a Cash Deed, dated April 23, 2003, wherein Rodney J. Grantham, Jr. and Alisa Hansbrough Grantham purportedly transferred the five-acre tract to Geraldine R. Hebert; and Exhibit "E" – an Act of Donation, dated February 15, 2006, wherein Richard J. Hebert and Geraldine R. Hebert purportedly donated the five-acre tract to Mr. Marmet.

In his memorandum in opposition to the Mayers' Motion for Summary Judgment, Mr. Marmet conceded that "[t]he [1991] donation was not in the form

---

[2]Louisiana Civil Code Article 3473 provides: "Ownership and other real rights in immovables may be acquired by the prescription of ten years."

[3]Louisiana Civil Code Article 3475 provides: "The requisites for the acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription."

3

required by Louisiana law." However, Mr. Marmet argued that, even though the donation executed on February 18, 1991 was, in effect, null, Rodney J. Grantham, Jr., his ancestor in title, believed in good faith that he owned the property and its minerals. Mr. Marmet asserted that in 1983, the Louisiana legislature changed the law relative to tacking when it revised La.Civ.Code art. 3480[4] and "separated the concepts of good faith possession and just title for the purpose of acquisitive prescription. Each is now a separate concept, each independent of the other." To support his contention that good faith and just title are no longer both required, thus permitting him to tack the good faith possession of his ancestors in title, Mr. Marmet relies upon comments (a) and (b) to La.Civ.Code art. 3480 which provide:

> (a) This provision is based on Article 3451 of the Louisiana Civil Code of 1870. It changes the law.

> (b) This definition of good faith is limited to matters of prescription. There is a different definition for matters of accession. See Civil Code Article 487, as revised in 1979. The reasons why two definitions are needed are explained in the comments under Article 487. In short, for purposes of prescription, good faith and just title are separate ideas, whereas for purposes of accession, the two ideas are blended.

Attached to his memorandum in opposition, Mr. Marmet submitted his personal affidavit along with the affidavit of Geraldine R. Hebert. Mr. Marmet also introduced the following exhibits: Exhibit "Marmet 1" – a Multiple Indebtedness Mortgage, dated April 28, 2003, wherein Richard J. Hebert and Geraldine Richard Hebert encumbered the five-acre tract at issue herein with a mortgage in favor of the Bank of Gueydan; and Exhibit "Marmet 2" – an Oil and Gas Mineral Lease, dated October 4, 1999, wherein Rodney J. Grantham, Jr., Alisha Hansbrough Grantham, Rodney J.

---

[4]Louisiana Civil Code Article 3480 provides: "For purposes of acquisitive prescription, a possessor is in good faith when he reasonably believes, in light of objective considerations, that he is owner of the thing he possesses."

4

Grantham, Sr., and Shirley Hamilton Grantham granted a lease to Murphy Exploration and Production Company. Mr. Marmet offered said evidence in support of his assertion that his ancestors in title were in good faith.

A hearing was held on the Mayers' Motion for Summary Judgment on September 24, 2007, after which the trial court ruled that "good faith and just title are required for the ten . . . year period, and that is not the case in this case, so there's no genuine issue of material fact and [the Mayers are] entitled to judgment by law." A formal judgment was signed by the trial court on October 9, 2007, declaring the Mayers to be the owners of all oil, gas, and other minerals in, under, or which may be produced from the property at issue herein. Mr. Marmet appeals.

## ASSIGNMENTS OF ERROR

Mr. Marmet contends that the trial court erred as follows:

1. The trial court erred in finding that the 1983 revisions to the Louisiana Civil Code separating the concept of good faith possession from the concept of just title do not allow a good faith possessor of immovable property with just title to tack his possession to the good faith possession of his predecessor in title even though his predecessor did not have just title.

2. The trial court erred in holding that [Mr.] Marmet did not meet the requirements of the Louisiana ten-year acquisitive prescription with regard to immovable property on which he held just title and on which he could show more than ten years good faith possession by tacking his good faith possession to that of his predecessors in title.

## STANDARD OF REVIEW

The governing jurisprudence relative to a motion for summary judgment and our appellate standard of review thereof have recently been reiterated by our supreme court as follows:

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief

prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363 p. 3 (La.11/29/06), 950 So.2d 544, 546, see [La.Code Civ.P.] art. 966.[5] A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181[,] p. 17 (La.3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337[,] p. 7 (La.10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424[,] p. 5 (La.4/14/04), 870 So.2d 1002, 1006.

*Samaha v. Rau,* 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83.

_____

[5]Louisiana Code of Civil Procedure Article 966 provides:

   A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
   (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
   B. The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
   C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
   (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
   D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
   E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.

## DISCUSSION

Louisiana Civil Code Article 3442 provides: "The possession of the transferor is tacked to that of the transferee if there has been no interruption of possession." Louisiana Civil Code Article 3473 provides that ownership of immovable property may be acquired by the prescription of ten years. According to La.Civ.Code art. 3475, good faith **and** just title are two of the four requirements for ten-year acquisitive prescription. Louisiana Civil Code Article 3483 defines just title as "a juridical act, such as a sale, exchange, or donation, sufficient to transfer ownership or another real right. The act must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated." Mr. Marmet concedes that the 1991 donation was not in valid form; thus, Mr. Marmet's ancestors in title did not have just title. However, Mr. Marmet contends that his ancestors in title did have good faith and that the trial court erred in failing to follow what he contends is a change in the law that good faith possession and just title are no longer both required to allow him to tack his possession to that of his ancestors in title.

In his appellate brief, Mr. Marmet cites *Mai v. Floyd*, 05-2301 (La.App. 1 Cir. 12/6/06), 951 So.2d 244, *writ denied*, 07-581 (La. 5/4/07), 956 So.2d 619, in support of his assertion that the Louisiana legislature changed the law regarding the requirement that a possessor have both good faith and just title to permit tacking. Mr. Marmet contends that the court in *Mai* did not require that the ancestor in title have just title, only that he be in good faith. We disagree. In *Mai*, there was a conveyance or just title contained in the public records; thus, this requirement was met by the plaintiff's author in title. The only question remaining for the court to decide was

whether the plaintiff's author in title was in good faith. Mr. Marmet's reliance upon *Mai* is misplaced.

Likewise, we find no merit to Mr. Marmet's contention that just title and good faith are "separate concept[s]" based upon comments (a) and (b) listed under La.Civ.Code art. 3480. While Mr. Marmet's position is based upon his reliance on the sentence: "It changes the law" under comment (a) of La.Civ.Code art. 3480, the Mayers direct this court to comment (c) of La.Civ.Code art. 487[6] to counter Mr. Marmet's position. Comment (c) of La.Civ.Code art. 487 (emphasis added) states, in pertinent part: "In matters of accession, good faith is dependent upon the existence of a just title; in matters of prescription[,] good faith and just title are distinct requirements *but both must exist for acquisition of ownership* by the shorter prescriptive periods."

We find that the trial court correctly granted summary judgment in favor of the Mayers, finding that there were no genuine issues of material fact and that the Mayers were entitled to judgment as a matter of law. As correctly stated by the trial court, good faith and just title are required to claim ownership based upon ten-year acquisitive prescription.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the Defendant/Appellant, Sonny Marmet.

**AFFIRMED.**

---

[6]Louisiana Civil Code Article 487 provides:

> For purposes of accession, a possessor is in good faith when he possesses by virtue of an act translative of ownership and does not know of any defects in his ownership. He ceases to be in good faith when these defects are made known to him or an action is instituted against him by the owner for the recovery of the thing.

8