# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 12-109

**WAYNE GUILLOT AND SUSAN GUILLOT**

**VERSUS**

**REECE GUILLOT, BENJAMIN
GUILLOT, GUILLOT FARMS,
AND ABC INSURANCE COMPANY**

**\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2008-11063
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese,
Judges.

**AFFIRMED.**

**Jeffery F. Speer
J. Louis Gibbens, III
Jason E. Fontenot
Doucet-Speer, APLC
Post Office Drawer 4303
Lafayette, Louisiana 70502-4303
(337) 232-0405
Counsel for Plaintiffs/Appellants:**
    **Wayne and Susan Guillot**

**Charles C. Garrison**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**800 South Lewis Street, Suite 205**
**Post Office Drawer 12410**
**New Iberia, Louisiana  70562-2410**
**(337) 364-1816**
**Counsel for Defendant/Appellee:**
**Louisiana Farm Bureau Casualty**
**Insurance Company**


**James M. Dill**
**The Dill Law Firm, APLC**
**Post Office Box 3324**
**Lafayette, Louisiana  70502-3324**
**(337) 261-1408**
**Counsel for Defendants/Appellees:**
**Reece Guillot and Benjamin Guillot**


**Steven J. Bienvenu**
**Falgoust, Caviness and Bienvenu, L.L.P.**
**505 South Court Street**
**Post Office Box 1450**
**Opelousas, Louisiana  70571-1450**
**(337) 942-5811**
**Counsel for Defendants/Appellees:**
**Reece Guillot and Benjamin Guillot**

**GENOVESE, Judge.**

In this personal injury case, Plaintiffs, Wayne and Susan Guillot, appeal the judgment of the trial court granting summary judgment in favor of Louisiana Farm Bureau Mutual Insurance Company,[1] Louisiana Farm Bureau Casualty Insurance Company,[2] and Southern Farm Bureau Casualty Insurance Company (collectively Farm Bureau),[3] relative to the issue of liability insurance coverage. For the following reasons, we affirm.

## FACTS

Plaintiff, Wayne Guillot, and Defendant, Reece Guillot, are brothers. Wayne and Reece are also former partners in their family's farming operation known as Cleveland Guillot and Sons Farms (Guillot Farms). Reece and his son, Benjamin Guillot, continue to work for Guillot Farms; however, Wayne left the employ of Guillot Farms some time before the incident at issue occurred.

Wayne and his wife, Susan, filed suit against Reece, Benjamin, Guillot Farms, and their insurer, Farm Bureau, for damages that Wayne allegedly "sustained arising out of an assault and battery that occurred on or about March 16, 2008[.]" According to the Petition for Damages, the alleged assault and battery occurred after Wayne "sought to recover a crawfish boat he owned and [which] was apparently abandoned in a crawfish field[.]" Wayne asserted that he "loaded the crawfish boat onto a trailer and proceeded toward[] his home near the intersection of [Louisiana Highway] 13 and [Louisiana Highway] 92[.]" The petition further alleged that:

---

[1]The homeowners' policies were issued by Louisiana Farm Bureau Mutual Insurance Company.

[2]The farm policy was issued by Louisiana Farm Bureau Casualty Insurance Company.

[3]The automobile policies were issued by Southern Farm Bureau Casualty Insurance Company.

Subsequent to [Wayne] recovering his crawfish boat, [Reece] began to follow [Wayne's] vehicle and trailer, along Highway 92 in Acadia Parish, State of Louisiana. As [Wayne] neared the intersection of Highway 13 and Highway 92 in Acadia Parish, the son of [Reece], [Benjamin], acted in concert and with his father to form a road block near the intersection[,] and[,] thereafter, [Benjamin] violently and intentionally rammed his vehicle into the driver's side of [Wayne's] vehicle, forcing [Wayne] off the roadway.

[]

[Wayne] was forced to the side of the road and partially entered a ditch where he was able to maneuver his vehicle around the vehicle operated by [Benjamin,] and [Wayne] continued to proceed toward[] his home in order to avoid any further altercation. After [Wayne] attempted to leave the defendants' road block, [Reece] and [Benjamin] pursued [him] to his home . . . and thereafter exited their vehicles to assault, accost, and severely beat [Wayne], causing severe and debilitating injuries to [him].

Wayne asserted that, at the time of the incident, Reece and Benjamin were in the course and scope of their employment with Guillot Farms and that all three were insured by Farm Bureau. Farm Bureau denied liability insurance coverage under seven policies of insurance in effect at the time of the incident at issue.

Wayne and Sandra filed a Motion for Summary Judgment on the Issue of Insurance Coverage on January 14, 2010. Relying upon *Breland v. Schilling*, 550 So.2d 609 (La.1989), they argued:

There is no question that these brothers were involved in a dispute over a piece of Guillot Farms' ordinary business, namely a crawfish boat. A heated exchange between the brothers resulted in an emotional, but physical outburst, by Reece against his brother, [Wayne]. The blow[,] intended as a typical jab between disagreeing brothers, resulted in damages far in excess of anything expected, desired, intended[,] or reasonably envisioned. As such, Farm Bureau's coverage applies[,] and this Court should grant this Motion for Summary Judgment[] as a matter of law.

Wayne and Sandra asserted the supreme court's ruling on the question of liability for an intentional act was addressed in *Breland* and supports their contention that Farm Bureau's policies provide liability insurance coverage of the incident at issue.

2

Farm Bureau filed a Cross-Motion for Summary Judgment on March 5, 2010, seeking a ruling that its liability and umbrella insurance policies did not provide coverage in this case. At the time of the subject incident, Farm Bureau had in effect the following seven policies of insurance: (1) an automobile policy issued to Reece (A353369); (2) an automobile policy issued to Guillot Farms (C706670); (3) a homeowner's policy issued to Reece (HO250745); (4) a homeowner's policy issued to Benjamin (HO452349); (5) a farm liability policy issued to Guillot Farms (GF106682); (6) an umbrella policy issued to Reece (UM806692); and, (7) an umbrella policy issued to Guillot Farms (UM804269). Farm Bureau asserted that Wayne and Sandra's reliance upon *Breland* is flawed because "the applicable policy language in this instance is totally different from that in other cases relied upon by [Wayne and Sandra]." Citing *Fontenot v. Duplechine*, 04-424 (La.App. 3 Cir. 12/8/04), 891 So.2d 41, Farm Bureau argued:

> [In d]istinguishing the *Breland* case, the court in *Fontenot* held that the policy at issue plainly states that the exclusion applies "even if . . . such bodily injury . . . is of a different kind or degree than intended or reasonably expected." Pursuant to this language, once one intentionally inflicts an injury upon another, there is no coverage even though the extent of the injury is greater than that intended by the perpetrator. *Fontenot*, *supra* @ p. 45.

Exhibits offered by the parties included copies of the Farm Bureau policies, as well as the depositions of Wayne, Reece, and Benjamin. The trial court heard both motions for summary judgment on March 21, 2011, and rendered judgment denying Wayne and Sandra's motion for summary judgment and granting Farm Bureau's motion for summary judgment, holding that the Farm Bureau policies did not provide coverage for Wayne and Sandra's claims against Reece, Benjamin, and Guillot Farms.

3

In accordance therewith, the trial court signed a judgment dismissing the claims against Farm Bureau with prejudice on May 16, 2011. It is from this judgment that Wayne and Sandra appeal.

**ISSUE**

Wayne and Sandra raise one issue on appeal: "[w]hether [Farm Bureau] was entitled to judgment as a matter of law pursuant to [La.Code Civ.P. art.] 966, specifically [alleging] that there is no genuine issue of material fact regarding coverage, despite the evidence presented to the district court[.]"

***Standard of Review***

> The governing jurisprudence relative to a motion for summary judgment and our appellate standard of review thereof have recently been reiterated by our supreme court as follows:
>
>> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363[,] p. 3 (La.11/29/06), 950 So.2d 544, 546, see [La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181[,] p. 17 (La.3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337[,] p. 7 (La.10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424[,] p. 5 (La.4/14/04), 870 So.2d 1002, 1006.
>>
>> *Samaha v. Rau*, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83.
>
> *Mayers v. Marmet*, 08-127, pp. 5-6 (La.App. 3 Cir. 5/28/08), 985 So.2d 315, 319-20, *writ denied*, 08-1402 (La.9/26/08), 992 So.2d 993 (footnote omitted).

*Allen v. Allstate Ins. Co.*, 08-1451, pp. 2-3 (La.App. 3 Cir. 5/6/09), 10 So.3d 374, 377, *writ denied*, 09-1264 (La. 9/18/09), 17 So.3d 977.

The sole issue before us on appeal is whether any of the Farm Bureau policies provide liability insurance coverage for the incident which occurred on March 16, 2008, and which resulted in Wayne's bodily injury. In its oral reasons for judgment, the trial court stated:

> We're talking about the damage to Wayne Guillot's eye. The auto policy would not provide coverage because it doesn't involve the use of an automobile. The farm and the homeowner's policy are excluded because of the intentional act. And the language in the policy that says "Neither the expected nor unexpected results of intentional act are covered." In that case, the [sic] I would grant the motion for summary judgment filed by Farm Bureau and deny the motion for summary judgment filed by the plaintiff[s] because there is no genuine issue of material fact[,] and they are entitled to judgment by law.

For the reasons that follow, we agree that coverage is excluded for the reasons articulated by the trial court.

Wayne and Sandra argue that Farm Bureau's exclusionary provisions are broad and ambiguous; therefore, the "policy language ambiguous in nature is to be construed in favor of the insured to effect and not to deny coverage. [*Doerr v. Mobil Oil Corp.*, 00-947 (La. 12/19/00), 774 So.2d 119.]" Wayne and Sandra contend that the evidence in the record supports a finding that the trial court committed manifest error in granting the motion for summary judgment in favor of Farm Bureau.

According to Farm Bureau, coverage under the automobile policies was denied for two reasons: (1) Wayne's injuries did not arise out of an "accident;" and, (2) Wayne's injuries did not arise out of the "use of the automobile." The automobile policies (A353369 and C706670) each contain the following language:

**PART I. LIABILITY**

**Coverages A, Bodily Injury and B, Property Damage**

**1.** To pay on behalf of the insured all sums, except punitive and/or exemplary damages[,] which the insured shall become legally obligated to pay as damages:

**Coverage A** because of bodily injury sustained by any person, and

**Coverage B** because of injury to or destruction of property,

caused by accident and arising out of the ownership, maintenance or use of the automobile described on the declarations, including loading and unloading thereof[.]

Farm Bureau concedes that the comprehensive automobile policies do not have an intentional act exclusion per se. However, Farm Bureau contends that the automobile policies do not provide coverage for Wayne's property damage claim because said damages did not arise out of an accident due to the fact that the insured deliberately blocked the road in an attempt to stop Wayne, which lead to the subsequent collision. Nor do said policies provide coverage for Wayne's bodily injury claim because the alleged permanent injury to Wayne's eye was not caused by an automobile; rather, it was caused by the insured, Reece, when he deliberately punched Wayne in the eye with his fist.

Farm Bureau argued that coverage under the homeowners' and farm policies was excluded because Wayne's alleged bodily injury resulted from intentional acts. The homeowners' policies (HO250745 and HO452349) each contain the following exclusionary language:

1. **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to **bodily injury** or **property damage:**

   a. resulting from intentional acts or directions by you or any **insured**. The expected or unexpected results of these acts or directions are not covered.

The farm policy (GF106682) issued to Guillot Farms, for whom both Reece and Benjamin work, contains the following exclusionary language:

6

SECTION I – COVERAGES

**COVERAGE H – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

. . . .

**2.** **Exclusions**

This insurance does not apply to:

a. Expected or Intended Injury or Damage

"Bodily injury" or "property damage" resulting from intentional acts of any "insured" or other acts carried out at the direction of any "insured." The expected and unexpected results of these acts or directions are not covered.

Finally, Farm Bureau asserted that coverage under the umbrella policies was excluded because Wayne's alleged bodily injury resulted from intentional acts. The umbrella policies (UM806692 and UM804269) each contain the following endorsement:

ENDORSEMENT #93

INTENTIONAL ACTS EXCLUSION

THIS POLICY DOES NOT APPLY TO BODILY INJURY, SICKNESS, DISEASE, DISABILITY, SHOCK, MENTAL ANGUISH, MENTAL INJURY OR PROPERTY DAMAGE RESULTING FROM INTENTIONAL ACTS OF ANY INSURED OR ACTS CARRIED OUT AT THE DIRECTION OF ANY INSURED. THE EXPECTED AND UNEXPECTED RESULTS OF THESE ACTS OR DIRECTIONS ARE NOT COVERED.

**DISCUSSION**

The physical altercation at issue herein allegedly caused permanent injury to Wayne's eye. Said altercation took place outside of the automobile and did not involve the use of an automobile. Therefore, we find no manifest error in the trial court's finding that neither of the automobile policies (A353369 and C706670)

7

issued by Farm Bureau provide liability insurance coverage for Wayne's bodily injury claims.

The collision of Wayne and Benjamin's vehicles allegedly caused damage to Wayne's truck. Said collision occurred because Benjamin sought to block the road in an effort to stop Wayne, which resulted in the subsequent collision. The collision was not an accident. By the terms of the automobile policies (A353369 and C706670), neither provide liability insurance coverage for Wayne's property damage.

Similar exclusionary language found in Farm Bureau's homeowners' policies and farm policy was upheld by this court in *Perkins v. Shaheen*, 03-1245 (La.App. 3 Cir. 3/3/04), 867 So.2d 135. In *Perkins,* a suit to recover damages for personal injuries caused by the intentional acts of a minor, the perpetrator's homeowner's policy and farm policy were written by Farm Bureau Mutual Insurance Company. The plaintiff and Farm Bureau filed cross-motions for summary judgment on the issue of coverage. The trial court granted summary judgment in favor of the plaintiff, finding that Farm Bureau's policies provided coverage for plaintiff's injuries arising out of the negligent supervision of the perpetrator's father. This court reversed the trial court's judgment and granted summary judgment in favor of Farm Bureau, finding that Farm Bureau's homeowner's and farm liability policies excluded coverage for bodily injury which resulted from intentional acts by any insured.

In the case of *Richard v. Brasseaux*, 10-409 (La.App. 3 Cir. 11/3/10), 50 So.3d 282, *writ denied*, 10-2673 (La. 1/28/11), 56 So.3d 959, this court again considered exclusionary provisions similar to the language under consideration herein. This court affirmed the trial court's grant of summary judgment in favor of Farm Bureau, upholding its exclusionary language.

8

Having reviewed the record and the jurisprudence, we find that the policy language excluding the expected or unexpected results of an intentional act from coverage is a valid exclusion and has been upheld in numerous instances. See *Richard v. Brasseaux*, 50 So.3d 282; *Perkins v. Shaheen*, 867 So.2d 135; *Fontenot v. Duplechine*, 891 So.2d 41. The Farm Bureau homeowner's and farm liability policies unambiguously excluded coverage for Wayne's injuries resulting from the intentional actions of Reece and Benjamin. Likewise, the umbrella policies unambiguously excluded coverage for Wayne's injuries resulting from the intentional actions of Reece and Benjamin. Therefore, we find no coverage under the automobile, homeowners', farm, and umbrella policies written by Farm Bureau in effect at the time of the incident at issue herein. Accordingly, we find there is no genuine issue of material fact, and the trial court's grant of summary judgment is affirmed.

## DECREE

For the foregoing reasons, the judgment of the trial court granting Farm Bureau's motion for summary judgment is affirmed. Costs of this appeal are assessed against Plaintiffs/Appellants, Wayne and Sandra Guillot.

**AFFIRMED.**